

**U.S. Department of Justice**

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210
January 7, 2018

Murat Erkan
Attorney at Law
Erkan & Associates
300 High Street
Andover, MA 01810

    Re:    United States v. Robert Frett Sierra (Defendant #2)
           (real name Juan Ernesto Gonzalez Arias)
           Criminal No. 17-CR-10142-DJC:  Plea Agreement

Dear Attorney Erkan:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Robert Frett Sierra (real name Juan Ernesto Gonzalez Arias) ("Defendant"), agree as follows with respect to the above-referenced case:

    1.    Change of Plea

    At the earliest practicable date, but in no event later than February 10, 2018, Defendant shall plead guilty to Counts One and Five of the Second Superseding Indictment. Count One charges a conspiracy to possess with intent to distribute fentanyl, cocaine, and heroin, in violation of 21 U.S.C. § 846. Count Five charges unlawful re-entry of a deported alien, in violation of 8 U.S.C. § 1326. Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One and Five of the Second Superseding Indictment, did so knowingly and intentionally, and is in fact guilty of those offenses.

    2.    Penalties

    Defendant faces the following mandatory minimum and maximum penalties on the charges. On Count One of the Second Superseding Indictment: incarceration up to 20 years; supervised release for a minimum of three years and up to life; a fine of up to $1,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Second Superseding Indictment. On Count Five of the Second Superseding Indictment: incarceration up

to two years, supervised release up to three years, a fine of up to $250,000, a mandatory special assessment of $100, and deportation.

### 3.   Stipulated Judicial Order of Deportation or Removal

Defendant admits he is not a citizen or national of the United States, and that he is a native of the Dominican Republic and a citizen of the Dominican Republic.

Defendant agrees that when he is convicted in the instant criminal proceeding, Defendant will be convicted in this Court for the offense of unlawful re-entry of a deported alien, in violation of 8 U.S.C. § 1326.

After consultation with counsel and understanding the legal consequences of doing so, Defendant knowingly and voluntarily waives the right to a hearing before an Immigration Judge or before any other authority under the Immigration and Nationality Act ("INA"), on the question of his deportability or removability from the United States. In this regard, Defendant understands and knowingly waives his rights (1) in any administrative removal proceeding to examine the evidence against him, to present evidence on his own behalf, and to cross-examine any witnesses presented by the government, and (2) to appeal from a determination of deportability or removability.

Defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; and voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of this Plea Agreement, Defendant specifically acknowledges and states that Defendant has not been persecuted in, and has no present fear of persecution in, the Dominican Republic on account of Defendant's race, religion, nationality, membership in a particular social group, or political opinion. Similarly, Defendant further acknowledges and states that he has not been tortured in, and has no present fear of torture in, the Dominican Republic.

Defendant understands that execution of an order of removal against him will have the legal consequence under the immigration laws of barring Defendant's legal reentry into the United States for at least ten years.

Defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in Defendant's amenability to immediate deportation or removal from the United States upon conviction and completion of any period of incarceration. Defendant agrees

that the order of deportation or removal be issued for Defendant's deportation to the Dominican Republic, or to any other country as prescribed by the immigration laws and regulations of the United States of America. Further, Defendant understands that the issuance of a final judicial order of deportation or removal has no bearing on, and is independent of, any request that may be presented for Defendant's extradition, and that this Agreement contains no promises or representations regarding such.

Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of the United States Department of Homeland Security ("DHS") to enforce such order. Defendant waives any right to and agrees he/she will not seek any judicial or administrative stay of execution of the order of removal or deportation. Defendant waives any right to seek release from the custody of the DHS when DHS assumes such custody after conviction and his/her release from any period of incarceration and preparatory to arrangements for Defendant's deportation or removal from the United States. Defendant agrees to cooperate in all ways with DHS officials in the surrendering of or applying for any travel documents, or in other formalities relating to Defendant's deportation or removal from the United States and preparations therefor.

4.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree to the following:

Regarding Count One, in accordance with USSG § 2D1.1, Defendant's base offense level is 30, because at least 400 grams of fentanyl but less than 1.2 kilograms grams of fentanyl were reasonably forseeable to this Defendant.

Defendant will take the position that, pursuant to USSG § 2D1.1(b)(17) and § 5C1.2, Defendant's offense level should be reduced by two levels. The U.S. Attorney will recommend applying USSG § 5C1.2 if the U.S. Probation Office finds that Defendant meets the requirements of USSG §§ 5C1.2(a)(1)-(4) and the U.S. Attorney finds that Defendant has personally satisfied § 5C1.2(a)(5). Based on the information now known to the government, the U.S. Attorney finds that the Defendant has satisfied § 5C1.2(a)(5). Defendant understands and acknowledges that, if the Court declines to apply USSG § 5C1.2, Defendant will not receive an additional two (2) level reduction pursuant to USSG § 2D1.1(b)(17).

Regarding Count Five, in accordance with USSG § 2L1.2(a), Defendant's base offense level is 8.

The crimes charged in Counts One and Five are not closely related and do not group. In accordance with USSG § 3D1.4(c), if U.S. Probation determines that the defendant falls into CHC-I, the total offense level for Count Five will be disregarded because it is more than nine levels below the total offense level for Count One.

The parties otherwise have no agreement as to the application of the USSG and reserve all rights with respect to how the USSG apply to Defendant. The Defendant reserves the right to argue for a sentence outside the USSG under the factors set forth in 18 U.S.C. § 3553(a).

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and his agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a) incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

(b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) 36 months of supervised release;

(d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so); and

  (e)  forfeiture as reference in Paragraph 9.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing regarding medical, mental, and/or emotional conditions not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

  6.  <u>Waiver of Rights to Appeal and to Bring Future Challenge</u>

    (a)  Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) set aside or reduced.

    (b)  Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

    (c)  Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 71 months or less or any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

    (d)  This Plea Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant understands and acknowledges that the U.S. Attorney has retained all appeal rights.

    (e)  Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

7. **Other Post-Sentence Events**

  (a) If, despite the waiver provision of sub-paragraph 6(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 6(c).

  (b) If, despite the waiver provision of sub-paragraph 6(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

  (c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

8. **Court Not Bound by Plea Agreement**

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the mandatory minimum and maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

9. **Forfeiture**

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or

administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10. <u>Civil Liability</u>

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

11. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13. <u>Who is Bound by Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Modifications to Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Susan Winkler.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: *Linda Ricci*
LINDA RICCI
Acting Chief, Narcotics and Money Laundering Unit
KATHERINE FERGUSON
Deputy Chief, Narcotics and Money Laundering Unit

*Susan Winkler*
SUSAN WINKLER
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to be in its entirety in my native language and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses, and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Juan Ernesto Gonsalez Arias         Juan Ernst Gonsalez arias
~~ROBERT FRETT SIERRA~~
Defendant
Date: 1/24/18

I certify that Robert Frett Sierra has had this Plea Agreement read to him in its entirety in his native language and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

MURAT ERKAN, ESQ.
Attorney for Defendant
Date: 1/24/18

10